**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRY MELVIN ELLIS,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No.  3:06-CV-1043-D (BH)** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in

implementation thereof, subject cause has previously been referred to the United States

Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are

as follows:

**I.  BACKGROUND**

Petitioner filed a petition for writ of habeas corpus in June 2006.  On June 30, 2006, the

Court granted him leave to proceed *in forma pauperis*.  On July 13, 2007, the Court sent

Petitioner a questionnaire instructing him to respond to questions regarding his release from

incarceration.  He was instructed to return the answers within thirty days.  It warned Petitioner,

furthermore, that "[f]ailure to file answers to the Questions may result in the dismissal of the

action for failure to prosecute."  To date, Petitioner has filed no response to the questionnaire.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action

*sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835

F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control

its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order of the Court that he file his answers within thirty days of the questionnaire dated July 13, 2007. Accordingly, the Court should dismiss his petition.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 18th day of October, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE